Hastorf *v.* Kelly.

---

HERMAN HASTORF, Appellant, *against* WILLIAM KELLY, Respondent.

(Decided December 6th, 1880.)

The provisions of the acts of 1870 and 1872 (2 L. 1870, p. 1696; 1 L. 1872, p. 799),—that "it shall be lawful for the owners or lessees of any pier, &c., to charge and *collect*" a certain rate of wharfage,—were intended to be a substitute for the provisions of the acts of 1860 as amended in 1862 (L. 1860, p. 418; L. 1862, p. 952),—allowing such owners or lessees to "charge and *receive*" the same rate of wharfage, but requiring the collection of such wharfage to be enforced in the manner prescribed by section 217 of the act of April 9, 1813,—which act gave a remedy by distress; and an action may therefore be maintained for the recovery of the rates of wharfage allowed under the acts of 1870 and 1872.

APPEAL from a judgment of a district court in the city of New York, entered upon the dismissal of a complaint.

The action was brought to recover wharfage claimed for goods on a wharf in the city of New York. Upon the trial the justice dismissed the complaint, and judgment was entered for the defendant. From the judgment the plaintiff appealed.

CHARLES P. DALY, Chief Justice.—The pleadings, in this case, were oral.    As the justice returns them, the complaint was for money due under statute, for goods left on a wharf; and the answer, general denial—discharge of lien—no jurisdiction.

Though not expressed in the return, the complaint was evidently dismissed on the ground that the amount allowed for wharfage, by the act of 1860 (L. 1860, p. 416, § 3, as amended by L. 1862, c. 479, p. 952), could be recovered only under the 7th section of the act, in the manner provided in the 217th section of the act of April 9, 1813 (2 R. L. 1813, p. 431) ; that is, by distress, as was held in the special term case of *Warren* v. *McDiarmid* (34 How. Pr. 304).

The 3d section of the act of 1860, above referred to, provides that the owner or lessee of a bulkhead or pier, may " charge and *receive* " the sum of five cents per ton, on goods, wares and merchandise, remaining on the bulk-head, for every day after the expiration of forty-eight hours, from the time they were left or deposited upon it, and that he shall have a lien upon the property, until that amount is paid.

The 7th section of the act, as amended in 1862, has a general provision, that the *collection* of the rates of wharfage, established by the act, shall be enforced in the manner prescribed in the 217th section of the above referred to act of 1813, which gives a remedy for distraining for the wharfage of any ship or vessel, on any goods or chattels found on board such ship or vessel.    In my opinion, the acts amendatory of this act of 1860, passed in 1870 and in 1872 (2 L. 1870, p. 1696 ; 1 L. 1872, p. 799), were intended to be a substitute for this provision, in the 7th section of the act of 1860.    The 2d section of the amendatory act of 1870, allows the same sum for the wharfage of merchandise remaining on a pier, wharf or bulkhead, as the act of 1860 ; and gives also a lien until it is paid, but it makes several changes.    It gives the right to the wharfage after the expiration of twenty-four hours, instead of forty-eight, as in the prior act ; and instead of the language of the previous act, that the owner may " charge and *receive*," it substitutes the words " charge and *collect ;*" and this amendatory

provision was re-enacted in the further amendatory act of 1872. No reference is made in these amendatory acts to the peculiar provision in the act of 1860, for enforcing the payment of wharfage in the manner provided in the act of 1813. Wharfage is somewhat analogous to rent, being a compensation for the use and occupation of a pier or bulkhead; and as distress for rent was abolished in general terms, by a single sentence in the statute of 1846 (L. 1846, p. 369), it may well have been, that the Legislature, by this change in 1870, intended that there should be no other statutory provision, than one giving the owner or lessee of a wharf, the right to charge and *collect* five cents a ton for wharfage, after the expiration of twenty-four hours, together with a lien upon the goods, until that sum was paid.

A wharfinger's right to compensation for wharfage, at common law, was not limited simply to a lien upon the goods, until his charges were paid, for that he had a lien, was not settled until the decision of Lord KENYON in *Naylor* v. *Mangles* (1 Esp. N. P. 109). It is not clear that the act of 1860 intended to take away his remedy at common law by action, and to give him no other remedy, but to enforce the payment of the wharfage by a distress upon the goods, or leave him without any remedy at all, if the goods were removed, and his lien and the right to distrain was gone. However that may be, I am of the opinion, that the changed provision in the amendatory acts of 1870 and 1872, was intended to be a substitute for the provision in the act of 1860, as to the manner of collecting the wharfage; and to express by the language "charge and *collect*," that he might collect that amount for wharfage in the ordinary mode by an action, coupled with the right to detain the property, until the wharfage was paid. I think, therefore, that the complaint below was improperly dismissed, and that the plaintiff had a right to maintain such an action for the recovery of the amount of wharfage given by statute.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed.